IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Henry Mason,          :

    Plaintiff,            :

  v.                         :     Case No. 2:14-cv-410

Tony Ayres, et al.,          :     JUDGE GEORGE C. SMITH
                                        Magistrate Judge Kemp
    Defendants.          :

REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court to consider plaintiff Robert Henry Mason's motion for a temporary restraining order and preliminary injunction. Defendants Dr. Arthur Hale and Kenneth Saul have filed a response. For the following reasons, the Court will recommend that the motion be denied.

I.  Background

Mr. Mason, an inmate currently housed in the Pickaway Correctional Institution, originally filed this action in May, 2014, against several defendants including Tony Ayres, Dr. Arthur Hale, Kenneth Saul, David Rath, Dan Hall, and Libby Dilly. These defendants filed a motion to dismiss on August 4, 2014. On January 22, 2015, the Court issued a Report and Recommendation recommending that all claims against Mr. Rath, Mr. Hall, and Ms. Dilly be dismissed. The Court further recommended that the motion to dismiss be denied as to Dr. Hale and Mr. Saul. The Court described Mr. Mason's claim against the remaining defendants as follows:

> Here, Mr. Mason has alleged being in severe pain for at least 30 days as a result of the deprivation of pain medication. Mr. Mason alleges that he had been continuously prescribed pain medication (of various

>types and in varied amounts) to manage his peripheral neuropathy prior to April 30, 2013 and that the total deprivation of that pain medication occurred neither for any medical reason, nor for any other proper reason.  He alleges that someone accused him of hoarding and taking too much medication, but that he was cleared from those allegations by a search and drug test within two days.  These allegations set forth a claim that Defendants were deliberately indifferent in denying Mr. Mason pain medication and subjecting him to extreme pain for at least 30 days without cause in violation of the Eighth Amendment.

The Report and Recommendation was adopted and affirmed by Order dated March 30, 2015.

Subsequently, Mr. Mason was granted leave to amend his complaint to add claims for violations of the ADA and Rehabilitation Act against Dr. Hale and Mr. Saul arising from the denial of his pain medication and their decision to deny him participation in the chronic care program.  He filed his amended complaint, incorporating by reference the remaining claims of his original complaint, on December 3, 2015.  Shortly thereafter, he filed his current motion seeking a temporary restraining order or permanent injunction.  Defendants responded on August 3, 2016.

## II.  The Motion

In his motion, Mr. Mason seeks injunctive relief against Dr. Hale, Dr. Andrew Eddy and Director Gary Mohr.  Mr. Mason states that this relief is "required due to torture."  More specifically, Mr. Mason contends that he is suffering extreme pain in violation of his Eighth Amendment rights.  According to Mr. Mason, he was "appropriately taking neurotin 600 mg 3 times daily" for HIV peripheral neuropathy.  Dr. Eddy had approved the orders for this medication multiple times.  Mr. Mason explains that the process for approving a medication order involves a review of an inmate's medical file and history and an assessment of whether the medication is required.  At some point, Mr. Mason

asserts, Dr. Eddy did not approve the continued use of this medication.  Mr. Mason contends that Dr. Eddy did so without medical reason.  Mr. Mason requests that Dr. Eddy be ordered to "reapprove as he had done several dozzen (sic) times previously" and evaluate the need for an increase to 800 mg of neurotin.

Further, Mr. Mason contends that Dr. Hale is aware that, as a result of Dr. Eddy's decision, he is without pain medication to treat his conditions.  Despite this knowledge, however, Dr. Hale discontinued Mr. Mason's participation in PCI's pain clinic and chronic care program.  Mr. Mason asserts that this constitutes deliberate indifference to his serious medical need.

Additionally, based on these allegations, Mr. Mason contends that Drs. Eddy and Hale have violated his rights under the ADA and the Rehabilitation Act.  Mr. Mason seeks injunctive relief against Director Mohr, contending that he "has permitted these unconstitutional violations."

In response, Defendants contend that Mr. Mason has not met his burden of demonstrating that he is entitled to a preliminary injunction.  First, they argue that Mr. Mason has not shown a strong likelihood of success on the merits of his Eighth Amendment claim.  As Defendants explain, Mr. Mason's sole remaining claim is that they discontinued his pain medication without justification and would not allow him to participate in the Chronic Care Clinic.  This, they assert, is nothing more than an allegation of a difference of opinion over the adequacy of medical care and does not state an Eighth Amendment violation. Further, they argue that the discontinuation of medication after an inmate has been caught abusing the medication does not amount to deliberate indifference.

Defendants further assert that the injunctive relief Mr. Mason seeks is unrelated to the remaining claims in this case. This is so, they contend, because Mr. Mason's motion seeks relief

only from Dr. Eddy and he is not a defendant in this case.

With respect to the remaining factors, Defendants argue that Mr. Mason has not alleged irreparable harm, having made only conclusory allegations without specifics.  On the issue of whether public interest would be served, Defendants contend that it would not.  Rather, they assert that only Mr. Mason would benefit and the Court's interference in the administration of prison matters, absent a constitutional violation, is generally disfavored.

### III.  Legal Standard

The factors to be weighed before issuing a temporary restraining order are the same as those considered for issuing a preliminary injunction.  See, e.g., Workman v. Bredesen, 486 F.3d 896, 904-05 (6th Cir. 2007).  "Pretrial injunctive relief is an extraordinary remedy."  Rhinehart v. Scutt, 509 Fed.Appx. 510, 513 (6th Cir. 2013).  The purpose of such relief is "'to preserve the relative positions of the parties until a trial on the merits can be held.'"  Id., quoting Univ. of Tex v. Camenisch, 451 U.S. 390, 395 (1981).  "[E]ven serious health risks alone do not entitle a plaintiff to a preliminary injunction."  Id.

In deciding whether to grant a preliminary injunction, the Court considers the following factors:

> (1) whether the movant has a strong likelihood of success on the merits; [2] whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.

Hunter v. Hamilton Cnty. Bd. of Elections, 635 F.3d 219, 233 (6th Cir. 2011) (citation and internal quotation marks omitted). These are "factors to be balanced, not prerequisites that must be met." Welch v. Brown, 551 F. App'x 804, 808 (6th Cir. 2014) (quoting Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994)).

"'While as a general matter, none of these four factors are given controlling weight, a preliminary injunction where there is simply no likelihood of success on the merits must be reversed.'" Farnsworth v. Nationstar Mortg., LLC, 569 Fed.Appx. 421 (6th Cir. 2014), quoting Mich. State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997); see also Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000)("a finding that there is simply no likelihood of success on the merits in usually fatal").

Further, "'[t]he party seeking a preliminary injunction bears a burden of justifying such relief, including showing irreparable harm and likelihood of success.'" Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), quoting Michigan Catholic Conf. & Catholic Family Servs. v. Burwell, 755 F.3d 372, 382 (6th Cir. 2014); see also Overstreet v. Lexington–Layette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002)(injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it"). Further, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000).

In addition to the traditional equitable factors, the Prison Litigation Reform Act imposes certain limitations on the granting of prospective relief "in any civil action with respect to prison conditions." 18 U.S.C. 3626(a)(1). Such relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." Id.

## IV.  Analysis

Through his motion, Mr. Mason seeks the reauthorization of his pain medication and his participation in the chronic care clinic. As Defendants argue, the bulk of Mr. Mason's motion is

directed to the actions of Dr. Eddy and he is not a named defendant in this case.  Further, Mr. Mason appears to be seeking injunctive relief against Director Mohr, who also is not a defendant, under some type of supervisory liability theory.  Putting aside the issue of supervisory liability, the Court will recommend that Mr. Mason's claim for injunctive relief against these individuals be denied because this claim is not related to the underlying action.

Certainly, a party seeking a preliminary injunction "'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'"  Colvin v. Caruso, 605 F.3d 282, 300 (6th Cir. 2010), quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'"  Id., quoting Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997).  Claims against non-defendants do not relate to issues raised in the complaint.  See, e.g., Griffin v. Williams, 2011 WL 2600969, *2 (W.D. Pa. June 29, 2011)(claim for injunctive relief against non-defendant found to be improperly before the court because it did not relate to the issues raised in the complaint); Peyton v. Watson, 2010 WL 3783844, *1 (W.D. Va. Sept. 28, 2010) (claims against non-defendants were not related to underlying action precluding preliminary injunctive relief).

Mr. Mason also suggests in his motion, however, that he is seeking relief based on the conduct of Dr. Hale.  As noted, Dr. Hale is a named defendant.  It may be that, construing Mr. Mason's allegations liberally, there is some relation between his claim for injunctive relief and the remaining issue raised in the

complaint. On one hand, Mr. Mason's current motion and the amended complaint relate to the denial of pain medication and participation in the chronic care clinic. At the same time, as the Court previously explained, the time period at issue in the complaint is May 1, 2013 to May 31, 2013. See Report and Recommendation (Doc. 17), pp. 12-13. Mr. Mason's current motion does not specify any time period and was filed approximately two and one-half years after the time frame alleged in the complaint. This reason alone may be a sufficient basis on which to deny Mr. Mason's preliminary injunction motion. That is, it may be that Mr. Mason's current motion relates to incidents occurring in a different span of time. Under this scenario, a claim based on separate incidents could not be found to relate to the claims in the amended complaint. Even giving Mr. Mason the benefit of the doubt here, however, he has failed to demonstrate that a preliminary injunction should be granted.

Turning first to Mr. Mason's likelihood of success on the merits, in order to establish this factor, Mr. Mason must demonstrate more than a mere possibility of success. Doe v. The Ohio State University, 136 F.Suppp.3d 854, 871 (S.D. Ohio 2016), citing Six Clinics Holding Corp. v. Cafcomp Sys., Inc., 119 F.3d 393, 402 (6th Cir. 1997). That is, Mr. Mason must "'establish [ ] a substantial likelihood or probability of success on the merits.'" Id. quoting Int'l Dairy Foods Ass'n v. Boggs, 622 F.3d 628, 635 (6th Cir. 2010). Mr. Mason has not done so here.

Mr. Mason's underlying claim is that Dr. Hale and Mr. Saul have been deliberately indifferent to his medical needs. For Mr. Mason to prevail, he must demonstrate both that a deprivation is objectively "sufficiently serious" and that the defendant prison officials had a "sufficiently culpable state of mind," such that he or she showed "deliberate indifference" to the inmate's health and safety. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct.

1970, 128 L.Ed.2d 811 (1994).  Disagreement over the correctness of a medical judgment is not sufficient to establish deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Court of Appeals has recognized that a claim of deliberate indifference is difficult to prove.  Rhinehart, 509 Fed.Appx. At 513.

At this stage, Mr. Mason's claim has survived a motion to dismiss.  However, on a motion to dismiss under Rule 12(b)(6), Mr. Mason need only state a plausible claim for relief.  To obtain a preliminary injunction, as discussed above, he must go further and establish the likelihood of succeeding on his claim.  QVC, Inc. v. Resultly, LLC, – F.Supp.3d – , 2016 WL 521197, n.6 (E.D. Pa. Feb.10, 2016).  Mr. Mason provided no factual material in support of his motion to allow the Court to conclude that he has done so.  Consequently, this factor weighs against preliminary injunctive relief.

Turning to the second factor, irreparable harm, the Court recognizes that the essence of Mr. Mason's allegation of torture is that he is being harmed.  However, he has not demonstrated that his condition will worsen if he is denied immediate relief.  It may well be that Mr. Mason is suffering, but his allegation of pain, without some constitutional deprivation, is not sufficient to establish a harm requiring relief prior to a resolution of the merits.  See Rhinehart, 509 Fed.Appx. at 514.

Finally, Mr. Mason has not addressed the issues of balancing the equities or whether the public interest supports a preliminary injunction.  With respect to the balancing of equities, absent a demonstration of irreparable harm, the Court is unable to conclude that this factor weighs in Mr. Mason's favor.  Rather, "[t]he balance that is then left is between [Mr. Mason's] interest in immediately receiving care for a health condition that is unlikely to result in irreparable harm and the

defendants' interests in managing their medical procedures and resources ... without a merits determination by a court." Rhinehart, 509 Fed.Appx. at 516. With respect to the public interest, absent a likelihood of success on the merits of his constitutional claim, the "separation of powers and federalism strongly discourage the federal courts from entangling themselves in the administration of prison health care systems." Rhinehart, 509 Fed.Appx. at 513. As defendants note, there is a strong public interest in "leaving the administration of state prisons to state prison administrators." Id. Consequently, this factor weighs against preliminary injunctive relief in this case.

## V. Recommendation

For the reasons set forth above, it is recommended that the motion for temporary restraining order or preliminary injunction (Doc. 36) be denied.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the

right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


<u>/s/Terence P. Kemp</u>
United States Magistrate Judge